# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    No. 4:11-CV-1430 CAS <br> ) |
| COMMERCIAL DRYWALL CONSTRUCTION, LLC, et al., | ) <br> ) <br> ) |
| Defendants. | ) |

## **PARTIAL DEFAULT JUDGMENT**

This matter is before the Court on plaintiffs' Motion For Partial Default Judgment. Plaintiffs also seek an audit of defendants' business record to determine unknown damages. For the following reasons, the Court will grant plaintiffs' motion.

### *I. Background*

Plaintiffs brought this action against Commercial Drywall Construction, LLC (hereinafter "CDC") under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, seeking a judgment against CDC for delinquent contributions and dues, liquidated damages, attorney's fees and costs due, and for an audit of CDC's corporate records and books pursuant to the Collective Bargaining Agreement ("CBA") and Trust Agreements between Painters District Council No. 2 ("Union") and the CDC. In Count II of the Complaint, plaintiffs assert a claim against defendant Peter Dooley based upon a personal guarantee he signed with the Union agreeing to be held personally liable for any damages, costs, fees, and expenses that CDC owed the Union or its members under the CBA and applicable law.

Defendants CDC and Dooley were served with copies of the Summons and Complaint on August 21 and August 22, 2012 respectively. On September 15, 2012, the Clerk of Court entered default against defendants CDC and Dooley pursuant to Rule 55(a)of the Federal Rules of Civil Procedure. Thereafter, plaintiffs filed a motion for entry of partial default judgment, with a memorandum in support and supporting affidavits. Plaintiffs seek entry of partial default judgment against defendants CDC and Dooley. They also request that the Court order defendants to provide them with certain business records so that they can determine and calculate unknown damages.

## *II. Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations plaintiffs made in their complaint as true, except for those allegations as to the amount of damages. Plaintiff Painters District Council No. 2 is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this judicial district.

The Painters District Council No. 2 Pension Trust ("Pension Trust"), the Painters District Council No. 2 Welfare Trust ("Welfare Trust"), the Painters District Council No. 2 Vacation Trust ("Vacation Trust") and the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust ("Apprenticeship Trust") (collectively referred to as the "Trusts") are all employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and 1132(d)(1),

and are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. 1002(37)(A).

The individual plaintiffs named in the Complaint constitute the Joint Board of Trustees to the Trusts and are the plan sponsors within the meaning of Section (16)(B) of ERISA, 29 U.S.C. §(16)(B), and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to these Trusts.

Defendant CDC was signatory to and bound by a CBA with the Union. Defendant Dooley, the owner of CDC, signed the CBA on April 14, 2011. The CBA bound CDC to submit fringe benefits, dues remissions, contributions at the rate and manner specified in the CBA and Trust documents. Under the terms of the CBA, CDC was obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due on its construction employees at the rate and manner specified in the CBA and Trust documents. CDC was also obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund, and to remit Union dues.

When he signed the CBA with the Union on CDC's behalf, Dooley also executed a personal Guaranty of Payment of Wages, Dues Remissions, Fringe Benefit Contributions and Other Miscellaneous Payments (hereinafter, the "Guaranty"). The Guaranty requires defendant Dooley to pay "all amounts due the Union, members of the Union employed by the Company, and the Trustee of the various Trust Funds, pursuant to the collective bargaining agreement between [CDC] and the Union and any subsequent collective bargaining agreement, whether those amounts become due . . ." as well as "all damages, costs, fees and expenses which the Union, the members of the Union employed by the [CDC] or the Trustees of the Trust Funds may be entitled to recover from the [CDC] pursuant to the collective bargaining agreement or under any local, state, or federal law."

4

Under the CBA and Trust documents, plaintiffs also have the right to audit and examine CDC's business and financial records.

Although a demand has been made, CDC failed and refused to file reports evidencing hours worked since on or about July 1, 2011. CDC also failed to make the required contributions and dues remissions since on or about the week ending April 15, 2011.

Under the facts as alleged in the complaint, the Court finds plaintiffs are entitled to default judgment against CDC under ERISA and the LMRA. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F.Supp. 1218 (D.Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980). The Court also finds plaintiffs are entitled to default judgment against defendant Dooley based on the personal guaranty he executed. Jamieson-Chippeway Inv. Co., Inc., v. McClintock, 996 S.W.2d 84 (Mo. Ct. App. E.D. 1999): Mercantile Trust Co. v. Carp, 648 S.W.2d 920 (Mo. Ct. App. E.D. 1983).

### III. *Damages and Fees*

As for damages, at the time the complaint was filed plaintiffs sought $15,030.45 in known damages. According to plaintiffs' memorandum in support of partial default judgment and an affidavit attached thereto, after the suit was filed defendants did resume paying some of their outstanding obligations to plaintiffs. As of the date the motion for partial default judgment was filed, plaintiffs sought $2,402.77 in liquidated damages, $1,818.00 in attorney's fees, and $420.62 in costs. Plaintiffs filed affidavits in support of their damages and fee requests.

The Court finds that the affidavits support plaintiffs' claim that defendants owe $2,402.77 in liquidated damages which are based on late payments made for the weeks ending June 3 through July 29, 2011. 29 U.S.C. § 1132(g)(2). Plaintiffs are also entitled to their attorney's fees and costs. § 1132(g)(2). Plaintiffs have provided documentation to show that they incurred $1,818.00 in

5

attorney's fees and $420.62 in costs. Based on the evidence presented, the Court finds that the services performed by plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for attorney's fees is reasonable. The Court also finds plaintiffs are entitled to their costs.

*IV. Audit*

Plaintiffs state in their motion and memorandum that there are unknown damages in this case. They ask that the Court order defendants to submit to plaintiffs their books, records and the outstanding fringe benefit reports for the period of April 14, 2011, thru the present date for review and copying. Without these records, plaintiffs contend, they cannot calculate the total delinquent contributions defendants owe.

Under the CBA and Trust documents, plaintiffs have the right to audit and examine CDC's business and financial records. Moreover, ERISA § 502(g)(2)(E) provides that in addition to delinquent contributions, a court shall award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). An audit constitutes an appropriate element of relief in an ERISA case where the amount of the delinquency is not known. International Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc., 239 F.Supp.2d 26 (D.D.C. 2002). Injunctive relief, including audits, "promote[s] the legislative intent of ERISA." Id. at 33. Central States, Southeast and Southwest Area Pension Fund, et al v. Central Transport, Inc., 105 S.Ct. 2833, 2838 (1985); Central States, Southeast and Southwest Areas Pension Fund, et al. v. N.E. Friedmeyer-Sellmeyer Distrib. Co., 650 F. Supp. 978 (E.D. Mo. 1987). Based on the record before it, the Court finds an audit is appropriate in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Default Judgment is **GRANTED**. [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiffs are awarded Two Thousand Four Hundred Two Dollars and Seventy-Seven Cents ($2,402.77) in liquidated damages, One Thousand Eight Hundred and Eighteen Dollars ($1,818.00) in attorney's fees, and Four Hundred Twenty Dollars and Sixty-Two Cents ($420.62) in costs.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this Partial Default Judgment, defendant Commercial Drywall Construction LLC shall submit to an audit and provide plaintiffs with copies of its compensation records, payroll registers, payroll journals, time-cards, federal and state tax forms, W-2 forms and 1099 forms, state quarterly tax returns, workers compensation reports, fringe benefit records and reports, job cost records, general ledger with cash disbursements and supporting documents, accounts receivables, invoices, and check stubs for the period of April 14, 2011, through the present date.

**IT IS FURTHER ORDERED** that plaintiffs shall have thirty (30) days after completion of the audit to submit their final motion for default judgment.

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of March, 2012.