UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, JOSEPH BARRETT, in his capacity as Business Manager of Painters District Council No. 2, PAINTERS DISTRICT COUNCIL NO. 2 PENSION TRUST, PAINTERS DISTRICT COUNCIL NO. 2 WELFARE TRUST, PAINTERS DISTRICT COUNCIL NO. 2 VACATION TRUST PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, JOSEPH BARRETT, DAVID DOERR, RICH LUCKS, WILLIAM BOEVINGLOH, CARL FARRELL, DONALD THOMAS, DANIEL WIENSTROER, MICHAEL SMITH, DANIEL HANSON, STEVE PHILLIPP, JR., MARK BORGMANN, FRANK WOJEHOWSKI, MICHAEL SLATTERY, JOSPEH KEIPP, TIM WEIS, and FRED PHILLIPP, JR., in their representative capacities as trustees of the Painters District Council No. 2 Pension, Welfare, Vacation and Apprenticeship and Journeyman Training Trusts, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:11-CV-1430 CAS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| COMMERCIAL DRYWALL CONSTRUCTION, LLC and PETER C. DOOLEY, | ) ) ) ) | |
| Defendants. | ) | |

**DEFAULT JUDGMENT**

This matter is before the Court on plaintiffs' Motion For Full Default Judgment. Plaintiffs

brought this action against Commercial Drywall Construction, LLC (hereinafter "CDC") under

Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C.

§185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, §1145, seeking a judgment against CDC for delinquent contributions and dues, liquidated damages, attorney's fees and costs due, and for an audit of CDC's corporate records and books pursuant to the Collective Bargaining Agreement ("CBA") and Trust Agreements between Painters District Council No. 2 ("Union") and the CDC. In Count II of the Complaint, plaintiffs assert a claim against defendant Peter C. Dooley based upon a personal guarantee he signed with the Union agreeing to be held personally liable for any damages, costs, fees, and expenses that CDC owed the Union or its members under the CBA and applicable law.

Defendants CDC and Dooley were served with copies of the Summons and Complaint on August 21 and August 22, 2012 respectively. On September 15, 2012, the Clerk of Court entered default against defendants CDC and Dooley pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Thereafter, plaintiffs filed a motion for entry of partial default judgment, with a memorandum in support and supporting affidavits. Plaintiffs sought entry of partial default judgment against defendants CDC and Dooley. They also requested that the Court order defendants to provide them with certain business records so that they could determine and calculate unknown damages.

On March 23, 2012, the Court entered a Partial Default Judgment against defendants CDC and Dooley in the amount of $4,641.39, pursuant to the plaintiffs' claims under ERISA and Dooley's personal guaranty. The Court also ordered an audit of CDC's business and financial records to determine what, if any, additional damages were due and owing. The Court's ordered examination of period from April 1, 2011 through March 31, 2012.

The examination revealed the following damages due:

A) The Welfare Trust in the amount of $3,767.73 for contributions and $1,072.61 for liquidated damages and interest;

B) The Pension Trust in the amount of $4,144.13 for contributions and $1,176.96 for liquidated damages and interest;

C) The Vacation Trust in the amount of $700.69 for contributions and $199.50 for liquidated damages and interest;

D) The Apprenticeship and Journeyman Training Trust in the amount of $356.97 for contributions and $101.64 for liquidated damages and interest;

E) The Industry Fund in the amount of $119.01 for contributions and $33.89 for liquidated damages and interest;

F) The Labor Management Cooperation Fund in the amount of $33.05 for contributions and $9.42 for liquidated damages and interest;

G) Painters District Council Number 2 in the amount of $379.94 in unpaid dues and $108.16 for liquidated damages and interest;

H) The cost of the audit in the amount of $876.00.

See Doc. 32, Ex. A.

In their motion for full default judgment, plaintiffs also seek the additional attorneys' fees and costs they incurred in pursuing this action after the entry of partial default judgment. Plaintiffs attached to their memorandum in support an affidavit detailing their fees and costs, which total $2,288.25, exclusive of the costs of the audit.

## *I. Discussion*

Default judgments are not favored in the law, United States ex rel. Time Equipment Rental and Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar

v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations plaintiffs made in their complaint as true, except for those allegations as to the amount of damages. Under the facts as alleged in the complaint, and as detailed in the Court's Order dated March 23, 2012, the Court finds plaintiffs are entitled to default judgment against CDC under ERISA and the LMRA. Contractors, Laborers, Teamsters & Engineers

Health & Welfare Plan v. Hroch, 757 F.2d 184 (8th Cir. 1985); Landy Packing Co. v. Meatcutters, 471 F.Supp. 1218 (D.Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980). The Court also finds plaintiffs are entitled to default judgment against defendant Dooley based on the personal guaranty he executed. Jamieson-Chippeway Inv. Co., Inc., v. McClintock, 996 S.W.2d 84 (Mo. Ct. App. E.D. 1999): Mercantile Trust Co. v. Carp, 648 S.W.2d 920 (Mo. Ct. App. E.D. 1983).

## II. *Damages and Fees*

As for damages, the Court finds that the audit and affidavits support plaintiffs' claim that defendants owe an additional $12,203.70 in contributions, liquidated damages and interest, above the $2,402.77 in damages the Court previously ordered. 29 U.S.C. § 1132(g)(2). The additional amount is based on the period from April 1, 2011 through March 31, 2012. Plaintiffs are also entitled to additional attorney's fees, costs, and the costs of the audit, which is above the $2,238.62 in fees and costs the Court previously ordered. § 1132(g)(2). Plaintiffs have provided documentation to show that they incurred $2,288.25 in additional attorney's fees and costs, and that the audit cost $876.00. Based on the evidence presented, the Court finds that the additional services performed by plaintiffs' attorney were reasonable and necessary to the litigation of this case, and that the rates charged and total amount sought are reasonable. The Court also finds the costs reasonable.

In sum, the total amount owed by defendants CDC and Dooley is Twenty Thousand Nine Dollars and Thirty-Four Cents ($20,009.34) – Fifteen Thousand Three Hundred Sixty-Seven Dollars and Ninety-Five Cents ($15,367.95) over and above the Four Thousand Six Hundred Forty-One Dollars and Thirty-Nine Cents ($4,641.39) awarded in the partial default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Full Default Judgment is **GRANTED.** [Doc. 31]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of plaintiffs and against defendants Commercial Drywall Construction, LLC and Peter C. Dooley, jointly and severally, in the amount of Fifteen Thousand, Four Hundred Eighty-Two Dollars and Forty-Seven Cents ($15,482.47) in outstanding contributions, interest, and liquidated damages, and Four Thousand Five Hundred Twenty-Six Dollars and Eighty-Seven Cents ($4,526.87) in attorney's fees and costs, for a total default judgment of Twenty Thousand Nine Dollars and Thirty-Four Cents ($20,009.34), together with post judgment interest as allowed by law.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of April, 2013.